This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions.  Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                                                           **No.  30,233**

**JOSEPH MAREZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Stephen K. Quinn, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Susan Roth, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**SUTIN, Judge.**

Defendant Joseph Marez appeals from the judgment, sentence, commitment and order partially suspending sentence following a jury trial convicting him of driving

while intoxicated (DWI), fourth offense. [RP 106] Defendant's four issues relate to whether his confrontation rights were violated when the district court allowed the supervisor of the person who actually conducted the blood test and prepared the Scientific Laboratory Division (SLD) report to give his expert opinion at trial as to the results (.29), rather than the person who actually conducted the test. [DS 5-6] This Court's calendar notice proposed summary affirmance. [CN 1] Defendant has filed a memorandum in opposition that we have duly considered. [MIO] Unpersuaded, however, we affirm Defendant's conviction.

**DISCUSSION**

In *Melendez-Diaz v. Massachusetts*, 557 U.S. __, 129 S. Ct. 2527, 2532-33 (2009), the United States Supreme Court held that the defendant's confrontation rights were violated by the admission of affidavit reports/certificates of state laboratory forensic analysis results that the material seized by the police was cocaine of a certain quantity, because such evidence was "testimonial." Recently, in the DWI context, our New Mexico Supreme Court held that the admission of a laboratory report showing blood alcohol content (BAC) results from a gas chromatograph machine did not violate the defendant's confrontation rights even though the analyst who prepared the report was not present at trial. *State v. Bullcoming*, 2010-NMSC-007, ¶ 1, 147 N.M. 487, 226 P.3d 1. Our Supreme Court reasoned that the analyst who prepared the

report was a "mere scrivener" and that the defendant's true "accuser" was the gas chromatograph machine which detected the presence of alcohol in the defendant's blood, assessed the defendant's BAC, and generated a computer print-out listing its results. *Id.* ¶ 19. In *Bullcoming*, Gerasimos Razatos, an analyst for the Toxicology Bureau of the SLD, who helps in overseeing the breath and blood alcohol programs throughout the state, testifed at trial. *Id.* ¶ 6. Razatos was qualified as an expert witness with respect to the gas chromatograph machine and the SLD's laboratory procedures. *Id.* ¶ 20. "Razatos provided live, in-court testimony and, thus, was available for cross-examination regarding the operation of the gas chromatograph machine, the results of [the d]efendant's BAC test, and the SLD's established laboratory procedures." *Id.* "Additionally, Razatos could be questioned about whether the operation of the gas chromatograph machine required specialized skill that the operator did not possess, involved risks of operation that might influence the test results, and required the exercise of judgment or discretion, either in the performance of the test or the interpretation of the results." *Id.* In *Bullcoming*, our Supreme Court held that "[b]ecause Razatos was a competent witness who provided live, in-court testimony . . . the admission of [the SLD breath test report] did not violate the Confrontation Clause." *Id.*

In this case, the same SLD analyst as in *Bullcoming*, Razatos, was present at trial and testified as to the blood alcohol test results based on an SLD blood alcohol test report. As in *Bullcoming*, Razatos, an SLD supervising analyst, was qualified as an expert in blood alcohol testing and SLD laboratory procedures. [DS 4] Razatos provided in-court testimony, and therefore, he was available for cross-examination regarding the procedures for taking blood alcohol samples, the results of Defendant's blood alcohol test, and the SLD's established laboratory procedures with regard to the preparation of blood alcohol reports. Additionally, Razatos could be questioned about whether the operation of the machine that processes the blood alcohol test results requires specialized skill, involves risks of operation that might influence the test results, and requires the exercise of judgment or discretion, either in the performance of the test or the interpretation of the results.

In his memorandum in opposition, Defendant agrees that the New Mexico Supreme Court's holding in *Bullcoming* supports the district court's admission of Razatos' testimony and the SLD report. [MIO 3] Defendant contends, however, that the Supreme Court's holding in *Bullcoming* "is wrong" [MIO 4], and he urges this Court to find that Defendant's right to confrontation was violated, to reverse his DWI conviction, and to remand for a new trial. [MIO 6] We decline Defendant's invitation to revisit *Bullcoming*. This Court is limited in our ability to overrule

4

Supreme Court precedent, particularly where the precise issue has already been decided by our Supreme Court. *Cf. State v. Duarte*, 2004-NMCA-117, ¶ 11, 136 N.M. 404, 98 P.3d 1054. Thus, in this case, we hold that, as in *Bullcoming*, because Razatos was a competent witness who provided live, in-court testimony, the admission of his testimony and the SLD blood test report did not violate the Confrontation Clause.

**CONCLUSION**

We affirm Defendant's conviction.

**IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**TIMOTHY L. GARCIA, Judge**